IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RODNEY A CHANEY,

    Petitioner,

v.                                                                 CASE NO. 1:14-cv-163-WS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, a *pro se* petition for a writ of habeas corpus, and Doc. 6, Petitioner's motion for leave to proceed as a pauper. The Petition stems from Petitioner's 2006 Alachua County convictions for kidnaping, sexual battery, and other offenses, for which Plaintiff is serving a life sentence. These convictions were the subject of a previous federal habeas corpus petition in *Chaney v. Sec'y, Dept. of Corr.*, Case No. 1:11-cv-175. The undersigned recommended that the previous petition be denied on the merits as to some claims and denied for failure to exhaust state court remedies as to other claims. *Id*. Doc. 24.

After entry of the report and recommendation, Petitioner moved to voluntarily dismiss the petition so that Petitioner could pursue additional state-court remedies. Doc. 25. The Court granted Petitioner's motion on July 9, 2014, stating:

> It is likely that any new federal petition will be barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), even if it is not also barred as second or successive, *see id*. § 2244(b)(3). This order nonetheless grants Mr. Chaney's motion to voluntarily dismiss. In the absence of the motion to voluntarily dismiss, I would accept the report and recommendation and deny the petition. Voluntary dismissal will leave Mr.

> Chaney no worse off than he would have been without the voluntary dismissal. And if, after reading this order, Mr. Chaney changes his mind, he may file a timely motion to alter or amend the judgment that will be entered based on this order. Any motion to alter or amend should be accompanied by any objections Mr. Chaney asserts to the report and recommendation.

*Id*.  Doc. 26.

Petitioner has not filed a motion to alter or amend the judgment in the previous case.  *See id*.

The instant petition was executed on August 27, 2014, a short time after the voluntary dismissal of his previous petition.  The instant petition does not reflect that Petitioner sought any additional state court remedies following the voluntary dismissal, nor do such efforts seem possible, given the timing of the previous dismissal and the filing of this case.  Doc. 1.

As explained in the previous case, Petitioner's postconviction state court remedies concluded in May 2010.   *Chaney*, Case No. 1:11-cv-175, Doc. 24.  Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  In contrast, a *federal* habeas corpus petition does not serve to toll the one-year limitations period.

*See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).

Because the instant petition does not reflect that Petitioner has pursued any further state-court remedies that might serve to toll the limitations period, the Petition, on its face, is barred by the one-year limitations period which began running, at the very latest, in May 2010.  Although the previous petition was deemed timely, because it did not serve to toll the limitations period, that period expired while the previous petition was pending.

In view of Petitioner's *pro se* status, the Court afforded Petitioner an opportunity to show cause as to why the instant Petition should not be dismissed as time-barred. The Court ordered Petitioner to show cause on or before October 8, 2014, and to move for leave to proceed as a pauper or pay the habeas corpus filing fee.  Doc. 3.  The Court granted Petitioner an extension of time until November 7, 2014, to comply. Petitioner was warned that failure to comply would result in a recommendation that the petition be dismissed.  Doc. 5.

Petitioner has filed a motion for leave to proceed as a pauper, Doc. 6, but the motion is insufficient because it is not accompanied by a copy of Petitioner's six-month account statement.  Moreover, as of this date Petitioner has failed to show cause as to why the Petition should not be dismissed as time-barred.  For the reasons stated herein, it is clear that the Petition is due to be dismissed as time-barred.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED** that Petitioner's motion for leave to proceed as a pauper, Doc. 6, is **DENIED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus (Doc. 1) be **DISMISSED** as time-barred, and that a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 14th day of November 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**